J-S54028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROY GROVER BARNHART | |
| Appellant | No. 771 MDA 2014 |

Appeal from the Judgment of Sentence December 13, 2013
In the Court of Common Pleas of Fulton County
Criminal Division at No(s): CP-29-CR-0000081-2013

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED SEPTEMBER 16, 2014**

Appellant, Roy Grover Barnhart, appeals from the December 13, 2013 aggregate judgment of sentence of 18 to 108 months' imprisonment, imposed following his conviction for indecent assault of a person less than 13 years of age and corruption of minors.[1]  After careful review, we affirm.

The trial court has set forth the relevant factual and procedural history of this case as follows.

> On May 20, 2013, the Commonwealth filed a Criminal information against [Appellant], charging [Appellant] with nineteen counts of Indecent Assault on a Person less than 13 (18 Pa.C.S.A. § 3126(A)(7))(M1), one count of Indecent Assault on a Person less than 13 (18 Pa.C.S.A. § 3126(A)(7))(F3) (continuing course of conduct),

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7) and 6301(a)(1), respectively.

and 20 counts of Corruption of Minors (18 Pa.C.S.A. § 6301(A)(1)(M1), alleging that [Appellant] repeatedly fondled a young girl in his home during the years 2004-2007, while [Appellant] and his wife served as the child's babysitters. On the date of trial, September 13, 2013, those charges were ultimately consolidated for consideration by the jury into a single potential felony count of Indecent Assault on a Person less than 13[,] and one count of Corruption of Minors.

The Commonwealth presented two witnesses: the victim, J.L., and Trooper Timothy Lear, who investigated the case. [J.L.], age 15, testified that, when she was in grades K-3, [Appellant] and his wife babysat J.L. and her siblings each day after school while her mother worked. The babysitting occurred at the home of [Appellant] and his wife—first in a green house on Peach Orchard Road and then at a home in Gerald Circle Trailer Park. J.L. and her sisters had their own room in the Barnhart home and slept there. She was approximately five through nine years of age at the time.

J.L. testified that when she was five or six, [Appellant] began fondling her genital area underneath her clothing. The fondling occurred many times, at least 20-30, over the course of several years, and always in the same manner. [Appellant] would tell the victim she was "in trouble" for misbehaving, and, as a consequence, she would have to sit on his lap in a chair and read him "the manners book." J.L. described the book as one designed for young children, with a green cover depicting two children and the words "please" and "thank you." When [Appellant] finished fondling J.L., he would get up and wash his hands, and J.L. would be allowed to return to playing.

J.L. did not report the inappropriate touching to anyone at the time. [Appellant] told her not to tell anyone and that what he was doing was "okay." J.L. explained that, at her age, she was not really sure what was going on, and she felt too scared and

embarrassed to tell anyone about it. [Appellant]'s abuse of J.L. eventually came to light in January of 2013, when J.L. spoke with her school guidance counselor about depression she was experiencing. The Guidance Counselor then made a report to Children and Youth, and the matter was eventually referred to Trooper Timothy Lear, a criminal investigator with the Pennsylvania State Police.

Trooper Lear testified for the sole purpose of establishing the age of [Appellant] at the time of the offenses. He testified that, during the time period of the alleged abuse of [] J.L., [Appellant] would have been between the ages of 62 and 65.

[Appellant] did not present testimony or evidence. Based upon the testimony of the two Commonwealth witnesses, the jury returned verdicts of guilty on both the felony charge of Indecent Assault on a Person less than 13 (18 Pa.C.S.A. § 3126(A)(7)) (F3) (continuing course of conduct), and one count of Corruption of Minors (18 Pa.C.S.A. § 6301(A)(1)(M1). The [trial c]ourt ordered a presentence report including SOAB Assessment and scheduled sentencing for November 8, 2013. In order to give the SOAB time to complete its assessment, sentencing was continued, by Order dated October 29, 2013, until December 13, 2013.

On December 9, 2013, [Appellant] filed a Motion to Continue Sentencing, which th[e trial c]ourt denied. On December 13, 2013, th[e trial c]ourt sentenced [Appellant] as follows: On Count 1, Indecent Assault on a Person less than 13 (18 Pa.C.S.A. § 3128(A)(7)) (F3) (continuing course of conduct), the [trial c]ourt sentenced [Appellant] to 9 to 60 months in a state correctional institution (including a $250 fine and the costs of prosecution.) On Count 2, Corruption of Minors (18 Pa.C.S.A. § 6301(A)(1) (M1)1 the [trial c]ourt sentenced [Appellant] to 9 to 48 months in a state correctional institution (including a $250 fine and the costs of prosecution), with the sentence in Count 2 to be

served consecutively to the sentence imposed on Count 1.[1]

_____

[1] A clerical error on the sentencing form inadvertently indicating that the sentence in Count 2 was to run consecutive to the sentence imposed in Count 2 was corrected by an Order Correcting Sentence entered on January 7, 2014.

Trial Court Opinion, 4/4/14, at 1-4 (citations omitted; footnote in original).

On December 13, 2013, the same day as sentencing, Appellant filed a timely post-sentence motion averring the verdict was against the weight of the evidence. *See generally* Pa.R.Crim.P. 607(A)(3). The trial court ordered both parties to submit briefs, and after review of said briefs, on April 4, 2014, the trial court denied Appellant's post-sentence motion. On May 2, 2014, Appellant filed a timely notice of appeal. On May 6, 2014, the trial court entered an order adopting its April 4, 2014 opinion denying Appellant's post-sentence motion for the purposes of Pennsylvania Rule of Appellate Procedure 1925(a).[2]

On appeal, Appellant raises the following issue for our review.

> 1. Whether the jury's verdict of guilt for indecent assault child less than 13 years old and corruption of minors was against the weight of the evidence because J.L.'s uncorroborated story at trial was inconsistent from her testimony at the preliminary hearing[?]

Appellant's Brief at 4.

_____

[2] The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b).

This Court has long recognized that "[a] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." **Commonwealth v. Lewis**, 911 A.2d 558, 566 (Pa. Super. 2006) (citation omitted). Where the trial court has ruled on a weight claim, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. **Commonwealth v. Tharp**, 830 A.2d 519, 528 (Pa. 2003), *cert. denied*, **Tharp v. Pennsylvania**, 541 U.S. 1045 (2004). Rather, "[our] review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." **Id.**

It is well established that this Court is precluded from reweighing the evidence and substituting our credibility determination for that of the fact-finder. **See Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citations omitted) (stating, "[t]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses[]"), *cert. denied*, **Champney v. Pennsylvania**, 542 U.S. 939 (2004). "[T]he evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Emler**, 903 A.2d 1273, 1276 (Pa. Super. 2006).

> A new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. In this regard, [t]he evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Ross*, 856 A.2d 93, 99 (Pa. Super. 2004) (citations and internal quotation marks omitted), *cert. denied*, *Ross v. Pennsylvania*, 547 U.S. 1045 (2006).

Herein, Appellant argues that the trial court abused its discretion in denying his post-sentence motion because it is shocking to one's sense of justice "when a victim of a sexual offense claims there was inappropriate conduct ten years prior and the uncorroborated testimony at trial is not consistent with the story told at the preliminary hearing." Appellant's Brief at 11. Appellant argues that because J.L. testified at the preliminary hearing that there was never any penetration, but at trial testified there was, the verdict is against the weight of the evidence. *Id.*

After careful review, we conclude the trial court did not abuse its discretion in reaching this conclusion. *See Tharp*, *supra*. J.L. testified at trial that Appellant touched her genital area, under her clothes, close to everyday that she was at his house. N.T., 9/13/13, at 18. She further testified that Appellant began touching her when she was about five or six years-old and the conduct stopped when she was about eight or nine years-old, for a total of more than 20 to 30 times. *Id.* at 18-20. On cross-

examination, defense counsel asked J.L. if Appellant ever put his fingers inside of her, to which she answered "yes." ***Id.*** at 24. On redirect the Commonwealth then asked J.L. to clarify if Appellant had ever put his fingers inside of her, and if so how many times, to which J.L. testified that it occurred "two or three times." ***Id.*** at 28. On recross-examination defense counsel followed up by asking J.L. if she remembered testifying at the preliminary hearing, and if she remembered testifying that Appellant's "fingers never penetrated you in any way?" ***Id.*** at 29. J.L. answered both questions affirmatively. ***Id.*** When asked if she was telling the truth now or then she stated she was telling the truth now, but when asked if she was lying then she said at the time, "I didn't understand what penetration was." ***Id.*** at 30.

The jury, as fact-finder, was free to make a credibility determination regarding J.L.'s testimony.[3] ***Champney***, ***supra***. Moreover, as stated, it is not our role as an appellate court to determine if the verdict was against the weight of the evidence, but rather, whether the trial court palpably abused

---

[3] To the extent Appellant argues that J.L.'s testimony was uncorroborated, this claim is waived as it is a sufficiency argument and not a weight of the evidence claim. As Appellant correctly notes in his brief, "[a] claim challenging the weight of the evidence concedes that there is sufficient evidence to sustain the verdict." Appellant's Brief at 10 (citation omitted). Further, this Court has repeatedly held that "[t]he uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant." ***Commonwealth v. McDonough***, -- A.3d --, 2014 WL 3563346 (Pa. Super. 2014), *citing* ***Commonwealth v. Charlton***, 902 A.2d 554, 562 (Pa. Super. 2006).

its discretion in denying Appellant's post-sentence motion raising said claim. ***Tharp***, ***supra***. Based on our independent review of the record, we discern no palpable abuse of discretion on the part of the trial court.

Therefore, we conclude the trial court did not abuse its discretion in denying Appellant's post-sentence motion. Accordingly, we affirm Appellant's December 13, 2013 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2014